You may be seated, and the clerk will call the next case. 315-0237, the Grand Marriage of Danielia Jones-Zachalee by Daniel K. McDade v. Matthew Jones, Appellant by Gabriella Saphia. Ms. Saphia, before I begin, of course, you all have been in the courtroom this afternoon, but Justice McDade is under the weather. She is not able to be with us today, but she is participating fully in the decision. She has read the briefs and will be listening to the oral arguments. You may proceed. Thank you, Your Honor. May it please the Court, good afternoon. For the record, Gabriella Saphia on behalf of the appellant, Matthew Jones. Judge, Your Honor's issue in this case is simply whether or not the trial court had the authority to order my client to pay for his daughter's college expenses when the parties were divorced in Georgia. The Georgia law does not allow courts to order parties to pay for college. Therefore, under the Family Uniform Support Act that we have in Illinois, the trial court could not have done that either. I would like to begin by pointing out a couple of places where the parties do seem to agree based on our briefs. One, that the contribution to college is, in fact, child support. It's a form of child support under Peterson. That the Family Support Act applies in this case as the order that's at issue was entered in Georgia, therefore it is a foreign support order. And thirdly, that Georgia does not have a statute similar to our Section 513 that would allow a court to order parties to pay for their children's college educations. That being said, I believe there are two grounds under which the court can reverse the trial court's order. One, under Section 611A, which is the shortest of my arguments, there are three requirements that the trial court must find have been fulfilled prior to its having the authority to move forward with a modification of a support order. One, that neither the child nor the parents currently reside in the issuing state. My client continues to reside in Georgia. Ms. Jones and the child moved to Illinois. That requirement was not fulfilled. Second, that the petitioner that is seeking the modification is a non-resident of Illinois. Ms. Jones admitted in her very first pleading to the trial court that she is a resident of Illinois. That because of that, she wanted to enroll the judgment in Illinois. That's the second requirement that was not met. The third being that the respondent is subject to personal jurisdiction of the Illinois court. That issue was waived at the trial court level because I did accept service on my client's behalf. So I am not contesting that at this point. However, those two other requirements were not met. I brought them up in the trial court. They were just sort of passed over. Without a finding that those requirements were met, the trial court should not have ever moved forward on Ms. Jones' petition for college contribution. It should have found that because those requirements were not met, it could not actually modify the support order as she was requesting. That being said, however, in the event that this court were to find that the requirements of 611A were found, we would then have to move on to 611C of the Family Support Act. Under that section, it clearly states that an Illinois court cannot modify any aspect of a support order that cannot be modified under the law of the issuing state. Therefore, as has been agreed to and admitted in Greece, because Georgia does not have a statute similar to 513, where the court can order the parties to pay for college, the Illinois court cannot then order my client to pay those expenses. This case is extremely similar to the Edelman case that just came down in the 2nd District. The only difference there is that that judgment was a Connecticut judgment. But the same facts apply. The Connecticut judgment was enrolled in Illinois. The petitioner moved for college expenses. The trial court dismissed it because it found that under 611C of the Family Support Act, if the Connecticut court could not have ordered the respondent to pay for college, neither could the Illinois court. Those are the exact same facts that we're faced with here today, Your Honors. So I don't want to belabor the court. I think it's fairly straightforward under the statute, under the Uniform Interstate Family Support Act, that this trial court should have looked to Illinois law, which the Family Support Act is, which would then have taken it to Georgia law. Under Georgia law, there is no statute that requires parents to pay for college. I've cited at least five cases in my brief that indicate that the requirement for support for parents ends at the age of majority. That age in Georgia is 18. Under no circumstances is a court allowed to order a divorced parent to pay for college. Those cases state that if the parties agreed in advance that they would contribute to their college education, then the court has the power to enforce that provision. Without that provision being included in the judgment, it cannot order it after the fact. The law does not allow it. Again, I think it's very straightforward. I don't want to go on and on and repeat myself too often. I know there are other cases that need to be dealt with, but based on that and under Section 611A and 611C of the Uniform Family Support Act, I believe that this court should reverse the trial court's order that required my client to pay for college expenses. And if there are no questions... You will have five minutes of rebuttal. Thank you, Judge. Thank you, Judge. Mr. Callan. Thank you, Your Honor. Okay, please, the court. Dan Callan on behalf of Dana Jones, the appellee in this case. Needless to say, when I began preparing the brief in this case, I was crestfallen when the Edelman case came down. And like we used to say back in the day, that case is on all fours. The situation is very much the same as to a conflict of law. Now, my brief, when I read the Edelman case, I briefly toyed with the idea of just confessing error and saving my car fare and calling it a day. Or I could have been like the last thing in the animal house and made one last stupid and futile gesture, but I decided not to do any of those options. And I was hired and retained by my client to make a noise like a lawyer, and so here I am trying to do that. I began reviewing this case with Judge Brumman's actual order. Judge Brumman said that he denied the motion to dismiss, and he said that he cited being ready to marriage with Peterson as his reason for the application of Section 513, which is the College Expense Act. The College Expense Act, as the Supreme Court has noted, is in the nature of a form of child support. And as I analyze this case, as I am proposing an argument in this court, if, in fact, college expenses are in the nature of child support, then the issue of Illinois' public policy for the protection of minor children comes into play. And what I'm suggesting to court is that the Peterson case creates the conflict of law between the Georgia case and the Illinois case. Illinois, and I don't think it's gainsayed by anybody, that the public policy of Illinois is to promote the protection of children. Now, I'll get to that later, but that's the minor and major issue on that particular issue. But that's what creates the conflict is the in re the matter of Peterson. I'm suggesting in this court that public policy to protect children of divorced parents trumps the full faith and credit idea of comedy in the support act that was cited by counsel in her brief. So the key issue, and she also mentioned in her brief that this is not a conflict of law case, it's strictly an Illinois law case, and Illinois law does provide for, as she represented, Illinois law does provide the family support act that you're supposed to use the issuing state's law. My contention here is that the key issue is whether Illinois law or Georgia law applies. And I'm citing the Edelman case, even though it goes against me, because that's what Edelman decided. Edelman decided that the key issue is whether Illinois law or Connecticut law applied, and they decided that Connecticut law applied and denied Melissa Edelman any relief for college expenses. But as I mentioned, in re the marriage of Peterson creates the conflict. Had the Supreme Court ruled that to the contrary, that college expenses are not a form of child support, then I wouldn't be here, because the distinction between child support and college expenses, to my way of thinking, and I'm speaking to this court, is distinct. They are distinct remedies or they are distinct rights. The child support, as is mentioned by the brief, I don't know if it was mentioned by Mrs. Sapia's brief, but in any event, child support is mandatory, college expenses are discretionary. In the marriage of Peterson indicated that prior to 1982, there was no issue of college expenses. The court made the decision, or noted in their decision that the... To get back to the statutory requirements, first, if you look at 613 first, if you have any one of the parties that still reside in the issuing state, then all you can do right is enforce. Since you have the husband continues to reside in the issuing state in Georgia. So under 613, all you can do is enforce, but then if you look to the other sections, then you have to look at whether or not all of the other... You have to look at what law controls, and our statute seems to clearly indicate that it would be... We can modify only if it is okay under the Georgia statute to modify, so that if you wanted to increase or decrease the amount, well, that would probably be provided for there, or if a child is disabled or whatever, but there, since they don't have this ability to add support for college unless it's agreed, I don't know, even, I mean, we have our public policy set forth in this statute, how are we then supposed to override that with a different set of public policy, which I agree with you that in Illinois that we have, but we've codified these requirements, so I guess I'm having a difficult time. Let me see if I can explain what I'm submitting to this court. Number one, you're talking about jurisdiction, and you're talking about 611. In this case, there is subject matter jurisdiction and personal jurisdiction over Matthew Jones. He submitted the personal jurisdiction of the Illinois courts by filing an appearance. That's admitted in the briefs, that there is personal jurisdiction over Matthew Jones. When there's personal jurisdiction, the Illinois courts I'm submitting to in this court can apply Illinois law regardless of 611. So that's my position on that error, Judge, that you raise there. It's an important matter. Jurisdiction is an important matter. I'm submitting to you that... We have no jurisdiction. I guess my question is, and maybe this is what you were saying, is that if we have no jurisdiction, how can we even get there? Because he submitted the personal jurisdiction to the court, Judge, and he was served a sentence and filed an appearance. Well, we have personal jurisdiction over him, but do we have jurisdiction over the subject matter? Well, yeah, it's still in our statute. It's still in our statute? It's still in our statute. It doesn't apply. It doesn't under 611. Well, the Illinois law applies, and part of Illinois law is the public policy of the state of Illinois for the protection of the interests of children, of divorced parties. So the jurisdiction I'm submitting to you is there because, now, in the Edelman case, they talked about this issue also, the jurisdiction, and they said, well, Mr. Edelman, the same issue was raised. He came into Illinois, he was there for a couple of years, then he left, and then he said, well, that deprived the court of jurisdiction. Now, once the Illinois court has jurisdiction, they have jurisdiction. A little bit of difference, but the point is, is that the trial court had jurisdiction over Mr. Jones. So that's my argument to that. I don't know what else to say. Either accept it or deny it, or tell them I'm full of prunes, or whatever, but that's my argument. Now, as I was getting back to the Illinois legislature, in 1982, codified college expenses, and interestingly enough, they said that section 513 provides that the circuit court may order either or both divorced parties to contribute to college expenses for a non-minor child as equity may provide. I'm submitting that the statute on college expenses is an equitable remedy. The Supreme Court said so in the marriage of Peterson. Child support is a legal remedy. Now, if I were to have been on the Supreme Court panel deciding with Peterson, I might have rather written a dissent. But we have Peterson. Peterson is saying it's child support. I'm saying that if it's child support, logically, the public policy in the state of Illinois, it becomes relevant to the case, and that you, I'm submitting that Judge Crum found that. Well, he didn't find that. He used the unwritten marriage of Peterson to justify his decision. He didn't make the same argument I'm making here, but you hear this case de novo, so you can either accept my argument that public policy prevails, or the legal argument is that the statute prevails and I'm out of luck, and my client's out of luck on this matter. So, the question is really simple. It's starkly defined, from my opinion, either college expenses are child support. If they are child support, the public policy applies. If the public policy applies, then Georgia loses. That's the basis of my argument. I put it forth in my brief. I don't think I can say it much more succinctly than I just did. Unless there's any more questions? I don't believe so. Thank you, Mr. Callan. Okay. Thank you. Ms. Sapia, for rebuttal. Very quickly, Your Honors. First, to counsel's point, and actually also to Judge Drummond's point, that Illinois law applies to this case. Yes, it does. I'm not arguing that Illinois law doesn't apply to this case. What the trial court seems to have been missing is that the Uniform Interstate Family Support Act is Illinois law. And that statute points us to Georgia law. So, it's not a matter of, does Illinois law apply or not? It does. And that law should have forced the trial court to then go look at the Georgia statute when making its decision. Second, as far as the jurisdiction issue, the jurisdiction issue in Edelman was a little bit different. In that case, both parties and the child had moved to Illinois. So, the court did find that under 611A, it had subject matter and personal jurisdiction over the case, and the parties there too. That is not the same here. My client continues to reside in Georgia. So, one of the requirements under 611A is not fulfilled, as far as the subject matter goes. And finally, to address the public policy argument, there is no conflict between Illinois' public policy and the application of the Family Support Act to this case. Section 513 is Illinois public policy, and it is discretionary to say otherwise would turn the wording of that statute from may to a shall. If the legislator wanted to incorporate the same best interest standard and that protection of minor children into the college statute, it could have written it that way, but it didn't. The Supreme Court has found on numerous occasions that 513 is entirely discretionary. There is no requirement that a court order parents to pay for college. The other thing that I think should be taken into consideration, is that if this court were to find that my client could be ordered to pay for college on some sort of public policy argument, that would be opening the door to forum shopping. People who get divorced in other states that don't have similar provisions like we have here as 513, they could then move to Illinois, say, reference this case, and get college contribution. Public policy in Illinois also abhors forum shopping. So for all of the reasons I've submitted before you and just now, I would ask this court to reverse the trial court's orders. Is that a practical solution for somebody? To move state? God, I would get paid to pay for that. It depends on what school they're going to. I mean, if you're going to an Ivy League school, it might be cheaper to move than pay $80,000 a year on your own. But if there are no further questions, they're on us. Thank you. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible.